UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ORIGIN CONSULTING, LLC, a Nevada limited liability company; and ORIGIN HOLDINGS, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CRITICALRIVER, INC., a Delaware corporation; DOES I through X; and ROES I through X,<br><br>Defendants. | Case No. 2:19-cv-01997-KJD-EJY<br><br>**ORDER** |

Before the Court is the Proposed Discovery Plan and Scheduling Order (ECF No. 25) that seeks to delay an exchange of initial disclosures to 30 days after the expiration of the national and state declarations of emergency or 30 days after the Court rules on the pending Motion to Dismiss. The proposed plan and order further seek a year-long discovery period. This proposal is denied.

A dispositive motion, such as a motion to dismiss, does not ordinarily warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The Court may limit discovery for good cause and stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citing *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978)). However, under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending. *Tradebay*, 278 F.R.D. at 602. For this reason, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should be halted. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Here, no motion to stay discovery is before the Court and, as stated, the fact of a motion to dismiss does not warrant a stay. Further, there is no reason why the parties cannot exchange initial disclosures in a timely fashion. Federal Rule does not require in person meetings in order to satisfy the requirements of Rule 26. In fact, initial

disclosures are almost exclusively done electronically. To delay this mandatory task for an unknown period of time—that is until the state and national declarations of emergency are over—would potentially put this dispute on hold indefinitely.

With respect to the proposal for a year-long discovery period, this is extraordinary given that the proposal provides no basis for this lengthy time period request other than the existence of general orders issued by the U.S. District Court for the District of Nevada, and COVID-19. But, the general orders do not stay all discovery. Nor has the Court seen a general desire to stay all discovery based on COVID-19. Rather, a great deal of discovery can be and is being done without person-to-person contact, including virtually all written discovery. Moreover, some oral discovery may be done through video-conferencing. Thus, while some extension of the discovery period might be warranted given the circumstances facing Nevada, as well as the nation, the Court has nothing upon which it can justify a doubling of the standard discovery period in this case.

Accordingly, and for the foregoing reasons, the Proposed Discovery Plan and Scheduling Order (ECF NO. 25) is DENIED. The parties shall submit a revised proposed plan and order within ten calendar days of this Order.

DATED: April 21, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE